IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SAMUEL R. JAHNKE AND SONS, INC., AND
MARY K. JAHNKE , AS EXECUTOR FOR THE
 ESTATE OF SAMUEL R. JAHNKE, DECEASED,
         Plaintiff,


         vs.                                      Case No. 10-4098-JTM

BLUE CROSS/BLUE SHIELD OF KANSAS,
         Defendant.


MEMORANDUM AND ORDER

The defendant Blue Cross/Blue Shield of Kansas, Inc. seeks reconsideration of the court's previous Order, which denied its summary motion seeking dismissal of the plaintiffs' action on the grounds of ERISA preemption. The court finds that Blue Cross's arguments substantially replicate arguments advanced prior to the court's Order (Dkt. No. 43), and provide no basis for the relief sought.

A motion to reconsider may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock*

*v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

Given the testimony of the Jahnke family accountant, a factual question exists as to the application of the safe harbor of 29 C.F.R. § 2510.3-1(j) (Dkt. No. 43, at 4, 11). Moreover, the court correctly determined that, if ERISA preemption does not exist, the plaintiffs have presented a colorable claim that the policy issued by the defendant is contrary to Kansas law, as reflected in K.S.A. 40-2209(e), as an individual policy issued to a small employer group.

Blue Cross also argues (Dkt. 45, at 3-4) that the existence of ERISA preemption is a threshhold issue which must be resolved by the court. Nothing in the court's Order suggests otherwise. The court held only that Blue Cross had failed to show beyond a reasonable doubt facts which precluded application of the safe harbor provison.[1]

Blue Cross relies on *Bates v. Metropolitan Life Ins.*, No. 5:08-CV-22, 2009 WL 2355834, at *1 (M.D. Ga. July 27, 2009) for the proposition that "[t]he question of ERISA preemption is fully briefed and ripe for decision." This is incorrect. Blue Cross quotes *Bates* as stating that "the role of the district court in ERISA matters is not to determine whether issues of fact exist for trial but to ... make adjudications on both fact and law as would occur in a bench trial while handling the manner in an expedited fashion resembling summary judgment." In the excised portion of the quote, *Bates* (and the cases cited in that decision) make clear that the district court's first role is "to review the administrative record before it." In other words, the cited language from *Bates* dealt with typical cases involving ERISA claims where the only relevant evidence is contained in the administrative record. Nothing in the case suggests that the court may weigh conflicting evidence as to a safe harbor without hearing direct testimony.

Similarly, Blue Cross relies on *Acuna v. Connecticut General Life Ins.*, 572 F.Supp.2d 713 (E.D. Tex. 2008) as indicating that the court may resolve questions of fact as to ERISA preemption

---

[1] Blue Cross "suggests that Court reconsider its application of a 'beyond a reasonable doubt' standard to a motion for summary judgment, as such standard appears nowhere in the Federal Rule of Civil Procedure or Supreme Court jurisprudence." (Dkt. 45, at 3 n.1). The suggestion is misdirected, as the court is obliged to follow the decisions of the Tenth Circuit. "In our circuit, the moving party carries the burden of showing beyond a reasonable doubt that it is entitled to summary judgment." *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008) (internal quotations and alteration omitted).

based on written submissions. But the court there made clear that it adopted this procedure in light of "the fact that both parties agreed that the Court may decide this issue on written submissions." *Id*. at 717.

In sum, the court holds that Blue Cross has failed to demonstrate that it is entitled to summary judgment based upon ERISA preemption, or in the absence of preemption, that the Jahnkes have failed to establish a claim under Kansas law. Blue Cross correctly observes that federal jurisdiction exists only if ERISA applies, and the court must make all findings of fact and conclusions of law regarding the application of ERISA. Accordingly, the court will schedule an expedited hearing in which all parties may present evidence relating to the potential application of the safe harbor provision. If the safe harbor provision does not apply, the Jahnkes' claims are preempted by federal law and must be dismissed. If the provision does apply, the dispute falls outside of ERISA, the court is without jurisdiction, and the action must be remanded to state court.

IT IS ACCORDINGLY ORDERED this 13th day of December, 2011, that the defendant's Motion for Reconsideration (Dkt. 45) is denied.

s/J. Thomas Marten  
J. THOMAS MARTEN, JUDGE