IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SAMUEL R. JAHNKE AND SONS, MARY K.
   JAHNKE, EXECUTOR OF THE ESTATE OF
   SAMUEL R. JAHNKE,

        Plaintiffs,

        *v.*                        Case No. 10-4098-JTM

BLUE CROSS AND BLUE SHIELD OF KANSAS,
   INC.,

        Defendant.

MEMORANDUM AND ORDER

On June 21, 2012, the court heard evidence and argument relating to the application of the Employee Retirement Security Act of 1974 (ERISA), § 1001-1461 to plaintiffs' claims. Specifically, the parties addressed the potential application of the ERISA "safe harbor" provision, 29 C.F.R. § 2510.3-l(j),[1] or rather, one element of that provision, determining whether the payments to Blue Cross for the Jahnke's health insurance "[we]re made by an employer."

---

[1] The safe harbor provision provides an exclusion from ERISA, provided that:

(1) No contributions are made by an employer or employee organization;
(2) Participation [in] the program is completely voluntary for employees or members;
(3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
(4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services.

In its prior Memorandum and Order denying Blue Cross's motion for summary judgment, the court discussed the standards relating to the safe harbor, and those conclusions are incorporated herein. (Dkt. 43, at 9-11). The court further notes that Blue Cross, as the party asserting federal jurisdiction, has the burden of proving the plan in question is subject to ERISA. Settles v. Golden Rule Ins., 927 F.2d 505, 508 (10th Cir. 1991). Thus, it has the burden of showing that the plan falls outside the safe harbor. *See Merrick v. Northwester Mut. Life Ins.*, No. 99–CV–1042(MJM), 2001 WL 34152095, *7 (N.D.Iowa 2001) ("the burden is on defendant to establish that the safe harbor regulation is inapplicable").

Mary Jahnke testified that she was the wife of Samuel Jahnke, and served as the secretary for the Jahnke & Sons S Chapter corporation since its foundation. The corporation has no benefit plan, and offers no benefits such as vacation or sick leave. The corporation had no group health policy. Instead, individual shareholders had their own individual policies. Mary Jahnke testified that she paid insurance bills from Blue Cross from the corporate account, and did so under the advice of her accountant, Gary Edwards.

Gary Edwards is a Certified Public Accountant, and has been the accountant for the Jahnkes since 1998. Edwards specifically asked Mary Jahnke to make the payments from the corporate account as a convenience in his accounting service, and that the payments were treated as distributions to the shareholders. The payments were not treated as corporate expenses in Edwards's records. They were instead isolated

2

precisely for the purpose of treating them as shareholder distributions for tax purposes.
Edwards credibly testified that

> it was by my suggestion that [Mary Jahnke] pay them through the corporation in order to avoid having to delve into their personal checkbooks for those items at the end of the year. Try to save them some money where you can. We don't want to -- a lot of extra effort, a lot of extra work goes into digging into individual checkbooks and we were just trying to save them some money by not having to do that.

The court finds that the plaintiffs have established that the health insurance premiums were paid by the individual shareholders of Jahnke & Sons. While the bills were paid by checks issued on the corporate account, the payments were treated as distributions to the shareholders.

Although defendant Blue Cross attempts to impeach the plaintiffs' position, the court finds that the grounds offered do not justify the conclusion that the payments were made by the individual shareholders. The defendant's arguments center heavily on the validity of the plaintiffs' actions under applicable federal tax law. Thus, they argue that any deductions by the shareholders would not have been proper under I.R.C. § 162(l). But the ultimate validity of the shareholder's returns under federal tax law is not an issue before the court, and in any event does not discredit the clear and credible evidence from both Mary Jahnke and Gary Edwards that the payments were adopted as a convenience to Edwards. The payments were, and were intended to be, distributions from the corporation.

In this regard, the court stresses that both Mary Jahnke and Gary Edwards testified with particular credibility. Further, the intention to treat the premium

payments as distributions is corroborated by contemporaneous accounting documentation. Edwards made no notation of any expenses for the payment of health care premiums in the corporation's Form 1120 tax returns. Instead, the premium payments are shown as distributions in the K-1 tax returns of the individual shareholders. And the premium payments were also discretely treated in Edwards's contemporaneous ledgers, in order to facilitate their separate treatment as distributions.

As a result, the court finds that Blue Cross has failed to demonstrate that ERISA is applicable to the present action. This action was removed by Blue Cross, solely on the grounds of complete ERISA preemption (Dkt. 1, at ¶ 8, 10). Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Because ERISA, the only basis for Blue Cross's removal of the action, is inapplicable to the plaintiffs' claims pursuant to the safe harbor, the court is without subject matter jurisdiction to hear the case. *See Arndt v. Concert Health Plan Ins.*, No 8:09-CV-1239-T, 2010 WL 151996, *4 (M.D. Fla. 2010) (remanding action to state court after insurer failed to show safe harbor to ERISA inapplicable); *Mapp v. American General Assur.*, 589 F.Supp.2d 1257, 1265 (M.D. Ala. 2008) (because "the plan falls within the safe harbor and does not qualify as an employee-welfare-benefit plan within the meaning  of ERISA … the court is without subject-matter jurisdiction"); *Kerr v. Untied Teacher Assocs.*, 313 F.Supp.2d 617, 620 (S.D.W.Va. 2004) (finding a lack of subject matter jurisdiction and remanding action since "the policy appears to fit all of the characteristics of the safe harbor provision, or at least Defendant has not shown that it does not").

At the hearing, plaintiffs expressly requested that the action be remanded back to state court, and the court indicated that this was the appropriate result. (Tr. 93, 100). Consistent with the court's conclusions at the hearing, the court finds that ERISA does not preempt Plaintiffs' claim, and there is no federal question to serve as a basis for subject matter jurisdiction. The plaintiffs' request for remand in accordingly granted.

SO ORDERED this 6th day of August, 2012.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE